UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZIA SHADOWS, L.L.C., a New
Mexico Limited Liability Company,
ALEX GARTH and WILLIAM
GARTH, Individuals,

        Plaintiffs,

vs.                                      No. 09-CV-0909 MV-WPL

CITY OF LAS CRUCES, NEW MEXICO,
a municipal corporation; and WILLIAM
MATTIACE, in his official and individual
capacities, jointly and severally,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration of this Court's Memorandum Opinion and Order [Doc. 62]. Plaintiffs Zia Shadows, L.L.C., Alex Garth, and William Garth urge the Court to reconsider the portion of its March 31, 2011 Memorandum Opinion and Order that granted summary judgment to Defendant City of Las Cruces ("the City") on Plaintiffs' claims for violations of their Fourteenth Amendment rights to procedural due process, substantive due process, and equal protection under the laws.[1]  Doc. 56. Plaintiffs reason that because the Scheduling Order in this case required the parties to conduct "phased discovery" – pursuant to which only discovery related to immunity issues and defenses had been taken at the time the City moved for summary judgment – the Court should have declined to consider those portions of the City's motion which sought summary judgment on the

---

[1] Defendant William Mattiace has been voluntarily dismissed from this action. *See* Doc. 52 at 9-10; Doc. 56 at 2.

merits of Plaintiffs' claims.

The Court has considered the motion, briefs, and case history, including the March 31, 2011 Memorandum Opinion and Order, as well as the relevant law.  Moreover, as no recording or transcript was available for the status conferences wherein the Court outlined the parameters of discovery, the undersigned District Judge discussed this case with Magistrate Judge William P. Lynch.  Following this discussion, and being otherwise fully informed, the Court **FINDS** that Plaintiffs' Motion for Reconsideration of this Court's Memorandum Opinion and Order [Doc. 62] will be **GRANTED** for the reasons stated herein.

## RELEVANT PROCEDURAL HISTORY

**I.    The Scheduling Orders**

On December 15, 2009, Magistrate Judge William P. Lynch entered a Scheduling Order setting forth pre-trial deadlines in the instant case.  Doc. 32.  The Scheduling Order provided, *inter alia*, that all "discovery regarding immunity defenses" was to be completed on or before March 15, 2010 and that "[d]ispositive motions regarding immunity" were to be submitted no later than March 29, 2010.  *Id*. at 1-2.  The Scheduling Order further provided that the parties would be "allowed 150 days to complete the remainder of discovery" after the Court ruled on any dispositive motions setting forth immunity defenses.  *Id*. at 2.

On March 19, 2010, Judge Lynch entered an order modifying the termination date for discovery relating to immunity defenses to May 17, 2010 and the deadline for dispositive motions relating to immunity defenses to June 1, 2010.  Doc. 39.

**II.    The City's Summary Judgment Motion**

On June 1, 2010, the City moved the Court for summary judgment on all four counts – for violation of Plaintiffs' constitutional rights to procedural due process, substantive due

process, equal protection, and freedom from retaliation – asserted against it. Doc. 44. In its briefing on the motion, the City asserted that summary judgment was appropriate because it was entitled to either absolute immunity or qualified immunity on each of Plaintiffs' claims. Doc. 45 at 5. However, the lion's share of the City's briefs were devoted to its argument that it was also entitled to summary judgment on the merits of Plaintiffs' claims.

In their response brief, Plaintiffs argued that, as a muncipality, the City was not entitled to qualified or absolute immunity. Doc. 52 at 9-10. Moreover, Plaintiffs noted that the City's motion did not rely solely, or even significantly, on its argument that it was immune from suit, "but instead seeks summary judgment under [Federal Rule of Civil Procedure] 56 . . . despite the fact that, under this Court's order, Plaintiffs may not conduct discovery until after the immunity issues are resolved." Doc. 52 at 10. Plaintiffs submitted that because they had "proceeded in accordance with this Court's orders and did not conduct discovery on the merits of their case, waiting until after this Court made its ruling regarding immunity," *id*. at 2, the Court should either decline to consider the portions of the City's summary judgment motion that did not pertain to its immunity defenses, or, in the alternative, consider those portions of the City's motion under the more generous standard for assessing a motion to dismiss brought pursuant to Rule 12(b)(6). The City replied that the Scheduling Order did not expressly *prohibit* the parties from conducting discovery on non-immunity issues, and summary judgment on the remaining issues was therefore not premature.

### III.     The Court's Memorandum Opinion and Order

On March 31, 2011, the Court entered a Memorandum Opinion and Order which declined to treat the non-immunity portions of the City's motion under Rule 12(b)(6), denied the City's motion for summary judgment on Plaintiffs' First Amendment claim, and granted

summary judgment in favor of the City on Plaintiffs' due process claims. The Court explained its decision to rule on the portions of the motion unrelated to the City's immunity defenses thusly:

> While the Court acknowledges that discovery was phased such that discovery regarding qualified immunity would be conducted first and that any remaining discovery would not take place until after a ruling on qualified immunity, the Federal Rules of Civil Procedure allow a motion for summary judgment to be made at any time prior to 30 days after the close of discovery. FED. R. CIV. P. 56(b). If Plaintiffs believed they needed additional discovery in order to oppose [the City's] Motion, their remedy was to submit an affidavit or declaration specifying the reasons they could not present facts essential to their opposition. FED. R. CIV. P. 56(d). As Plaintiffs have not done this or otherwise shown that additional discovery was needed as to facts essential to this Court's resolution of the pending Motion, the Court will consider [the City's] Motion under Rule 56.

Doc. 56 at 3.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *In re Thornburg Mortgage, Inc. Secs. Litig.*, No. 07-85, 2011 WL 2429189, *19 (D.N.M., June 2, 2011). When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 983 F.2d 1120, 1122 n.1 (10th Cir. 1991). Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 2011 WL 2429189 at *19, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation omitted).

Tenth Circuit case law is clear that a motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Oklahoma*, 516 F.3d 1217, 1224 (10th Cir. 2011) (finding district court did not abuse its discretion in denying motion for reconsideration on basis that "considerations of fairness and judicial economy outweigh[ed] the Plaintiffs' interest in getting a second (or third) bite at the summary judgment apple"); *Otero v. Nat'l Distrib. Co., Inc.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

**DISCUSSION**

The Federal Rules of Civil Procedure provide that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). As described above, the Court cited this Rule in rejecting Plaintiffs' argument that the City's Motion for Summary Judgment should be either considered under the more plaintiff-friendly standard of Rule 12(b)(6) or denied on the merits as premature. *See* Doc. 56 at 3. Plaintiffs' motion for further elaborates on this argument, asserting that the Scheduling Order entered by Judge Lynch superseded the

5

Rule's default provision that a defendant is ordinarily permitted to move for summary judgment "any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). According to Plaintiffs, because the Scheduling Order required that discovery and case-dispositive motions related to immunity issues be dealt with during the first phase of this litigation, it logically follows that case-dispositive motions related to non-immunity defenses were to be submitted only after related discovery could be taken during a subsequent phase of litigation.

The Court originally reviewed the Scheduling Order and concluded that it did not explicitly bar the parties from moving for summary judgment on non-immunity grounds during the first stage of discovery. While it evinced an intent to litigate immunity issues at the outset of the action – stating that "[d]ispositive motions regarding immunity shall be filed with the Court and served on opposing parties by March 22, 2010 . . . . After a ruling on [the City's] immunity motion(s), the parties will be allowed 150 days to complete the remainder of discovery" – the Court agreed with the City that the parties were not prohibited from conducting discovery on non-immunity grounds prior to March 22, 2010. The Court further found that Plaintiffs had failed to comply with Rule 56(d), which provides that when a party moves for summary judgment at a time when facts are unavailable to the nonmoving party

> [if the] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). Because Plaintiffs did not submit such an affidavit or declaration or "otherwise show[] that additional discovery was needed as to facts essential to this Court's resolution of the pending Motion," the Court found it was not premature to reach the merits of the City's non-immunity defenses. Doc. 56 at 3.

The Court has carefully considered Plaintiffs' contention that the bifurcation of discovery would have rendered futile an affidavit establishing the need for discovery on the merits. According to Plaintiffs,

> Since the scheduling order precluded plaintiffs from conducting discovery on the merits of their claims until after this Court ruled on the immunity issues, a continuance to . . . undertake other discovery would not have provided plaintiffs any additional information . . . .  A continuance would have been meaningless until this Court ruled on the immunity issue, and then plaintiffs could proceed with discovery on the merits of their claims.

Doc. 62 at 6.  The City does not address this particular argument in its response to Plaintiffs' motion to reconsider; rather, the City primarily argues that Plaintiffs failed to comply with Rule 56(d), and it cites case law standing for the proposition that the Court was within its discretion to grant partial summary judgment.

After careful review of the record – including documents brought to the undersigned judge's attention by Judge Lynch which Plaintiffs neglected to cite in their briefing on the City's motion for summary judgment – the Court finds that Plaintiffs' argument must prevail.  The December 15, 2009 Scheduling Order, while not expressly prohibiting discovery on non-immunity issues within the four corners of the document, adopted the parties' Joint Status Reports dated November 24, 2009 [Doc. 14] and December 14, 2009 [Doc. 28].  Those Status Reports set forth "provisional discovery plans" which provided: "Discovery will initially be limited to issues of immunity and qualified immunity, Defendants' Motion for Summary Judgment on immunity and, qualified immunity will be filed in 90 days."  Doc. 14 at 4; Doc. 28 at 6.  This language constitutes a clear court-ordered limitation on the scope of discovery.

The Court regrets the oversight it committed in neglecting to carefully review the Joint Status Reports prior to issuing its order on the Motion for Summary Judgment.  It is now clear

7

that Plaintiffs were barred from conducting discovery beyond the issue of immunity, and could not adequately respond to the summary judgment motion. The Court agrees with Plaintiffs that a Rule 56(d) affidavit would have been futile, as the purpose of such an affidavit is to request more time to conduct discovery, and Judge Lynch's order barred Plaintiffs from conducting the necessary discovery. The Court concludes that, due to the phasing of discovery, it committed a clear error in granting the City's motion for summary judgment on Plaintiffs' Fourteenth Amendment procedural due process, substantive due process, and equal protection claims.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration of this Court's Memorandum Opinion and Order [Doc. 62] is **GRANTED**.

The Court hereby **WITHDRAWS** those portions of its Memorandum Opinion and Order [Doc. 62] that granted summary judgment to the City. The City's Motion for Summary Judgment [Doc. 44] is **DENIED WITHOUT PREJUDICE**, pending completion of the immunity stage of this litigation.

**DATED** this 28th day of March, 2012.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

*Attorneys for Plaintiff*:
Cindy Rhodes Victor
Kevin Hammar

*Attorneys for Defendants*:
William L. Lutz
David P. Lutz

8