IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZIA SHADOWS, L.L.C., et al.,

      Plaintiffs,

v.                                                      CV 09-0909 MV/WPL

CITY OF LAS CRUCES, et al.,

      Defendants.

## ORDER GRANTING PLAINTIFFS'
## MOTION FOR A PROTECTIVE ORDER

This matter comes before me on Plaintiffs Zia Shadows, LLC, Alex Garth, and William Garth's corrected motion for a protective order. (Doc. 83.)[1] Defendant City of Las Cruces ("the City") noticed a deposition of Alex Garth on August 22, 2012. (Doc. 83 Ex. 1.) The City previously took the deposition of Alex Garth on April 27, 2010, and Plaintiffs object to a second deposition as unnecessary and as unduly burdensome. The City opposes the protective order on the ground that the initial deposition was limited only to issues of qualified immunity and it now seeks to depose Alex Garth on damages. (Doc. 85.) Conceding that the first deposition was taken when discovery had been limited, Plaintiffs nonetheless assert that the relevant information was still disclosed in the first deposition. (Doc. 90.) Having carefully considered the briefs and the relevant law, I find that a second deposition would be unreasonably duplicative and burdensome, and I grant Plaintiffs' motion for a protective order.

---

[1] Plaintiffs filed a motion for a protective order (Doc. 82), and they filed a corrected motion five days later (Doc. 83). They did not withdraw the initial motion, but an examination of the two documents reveals that the substance of the motions is identical, but that they changed the exhibits. Therefore, I now find the initial motion for a protective order (Doc. 82) moot. All discussion of the motion for a protective order in this order refers exclusively to the corrected motion (Doc. 83).

This lawsuit arises out of a lengthy zoning dispute between Plaintiffs, the City of Las Cruces, and the City's former Mayor, William Mattiace, and Plaintiffs' subsequent bankruptcy. (Doc. 1 Ex. 2). When this matter first came before me in a scheduling conference in December 2009, I permitted the parties to conduct limited discovery regarding the issues of immunity and qualified immunity. (Doc. 32; Doc. 39 (modifying discovery deadlines).) It was during this initial discovery period that the City deposed Alex Garth. (Doc. 83 Ex. 2.) The Defendants subsequently moved for summary judgment on immunity grounds. (Doc. 44)

In March 2011, the Court dismissed Defendant Mattiace and granted judgment in favor of the City on Plaintiffs' procedural due process, substantive due process, and equal protection claims, but denied summary judgment on their First Amendment retaliation claims. (Doc. 56.) I then issued a second scheduling order setting discovery deadlines for the remainder of the discovery. (Doc. 57.) Shortly thereafter, Plaintiffs moved to reconsider the order granting summary judgment in part on the grounds that the discovery had been limited to the issues of immunity and qualified immunity. (Doc. 62.) The Court granted the motion and withdrew the portion of the order that granted summary judgment to the City (Doc. 71.)  I then issued a third scheduling order in April 2012, and the parties re-entered discovery. (Doc. 74.) In August 2012, the City noticed the second deposition of Alex Garth. (Doc. 83 Ex. 1.) Within a week of receiving the notice, Plaintiffs moved for a protective order. (Doc. 83.) Defendants responded in opposition to the motion (Doc. 85), and Plaintiffs filed a reply (Doc. 90).

According to the Federal Rules of Civil Procedures, a party must obtain the leave of the court to take a deposition when the deponent has previously been deposed. FED. R. CIV. P. 30(a)(2)(A)(ii). Leave to take additional depositions should be granted only when consistent with the principles of Rule 26(b)(2). *Id.* Rule 26(b)(2) places limitations on the frequency and extent

of discovery when: (i) it is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity to obtain the information; or (iii) the burden or expense of the discovery outweighs the likely benefit, taking into consideration the needs and importance of the case, the amount in controversy, the parties' resources, and the importance of the discovery to the issues in the case.  FED. R. CIV. P. 26(b)(2)(C).

It is clear that Alex Garth has been previously deposed and that Plaintiffs oppose this second deposition; yet, the City at no point sought leave from the Court for a second deposition. Surprisingly, Plaintiffs do not raise the requirement in Rule 30(a) as support for their objection to the deposition. Rather, they moved under Rule 26(c) for a protective order. Rule 26(c) permits the court to issue a protective order preventing discovery, which in this case is a second deposition, when the discovery would result in "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

While Plaintiffs have not challenged the City's failure to observe proper procedure, I will consider the standards of Rule 30(a) in conjunction with those of Rule 26(c) in ruling on this motion. The City's procedural error presents some difficulty in establishing the burden of persuasion, though. Had the City properly moved for leave to conduct a second deposition, it naturally would have borne the burden. *See* FED. R. CIV. P. 30 Advisory Committee Notes, 2000 Amendments ("[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.") However, when the court considers protective orders, the moving party bears the burden of showing good cause. *See Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *Hammond v. Lowe's Home Ctrs.*, 216 F.R.D. 666, 670 (D. Kan. 2003) ("When the discovery sought appears relevant, the party

3

resisting the discovery has the burden to establish the lack of relevance . . . ."); *Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 658 (D. Kan. 1996) ("[A party opposing discovery] bears the burden to support its objection with facts and, if necessary, by affidavits and not merely with conclusions."). I decline to grant Plaintiffs' protective order merely because the City failed to follow procedure, but I will not reward its failure by shifting the burden onto the Plaintiffs. Thus, although Plaintiffs brought this motion for a protective order, I will look to the City to see if it can show good cause for a second deposition.[2]

The City argues that it is entitled to a second deposition of Alex Garth because, due to the limitations on the scope of discovery at the first deposition, it did not depose him regarding damages. (Doc. 85 at 1-2.) Plaintiffs recently served on the City an expert report regarding damages, and the City claims that, based on factual assumptions in the report, it needs to depose Alex Garth regarding his "theory of damages and the basis therefore and the underlying facts which Plaintiffs' claim give rise to damage." (*Id*. at 2.) The City also points to Plaintiffs' initial disclosures in support of the deposition, arguing that it only contained "a vague disclosure that there were damages in an amount to be proven at a later date." (*Id*. at 1.) Aside from the general allegations that previous discovery has not covered damages, the City does not specify what it would like to learn from Alex Garth and why, specifically, the prior deposition testimony is inadequate.

Plaintiffs' reply attacks the City's contention that it lacks sufficient information on damages. First, Plaintiffs argue that their initial disclosures were not vague and that they

---

[2] I acknowledge that shifting the burden of proof places a slight disadvantage on the City. Since it did not file a motion for leave to take a second deposition, it did not have a chance to reply to Plaintiffs' arguments regarding the sufficiency of the first deposition. Defense counsel should be well-acquainted with the Federal Rules of Civil Procedure, and the lack of a reply brief is the consequence of his failure to follows those rules.

> stated that their damages consisted of 'losses created by reason of [D]efendants' actions, losses suffered because Zia Shadows was unable to sell parcels, losses suffered because of the liens placed on the property to which plaintiffs had no actual or constructive notice, losses suffered when the individual plaintiffs were forced to relinquish ownership, and damages for the emotional distress suffered by the individual plaintiffs, in an amount yet to be determined, plus any applicable attorneys' fees."

(Doc. 90 at 4.) Plaintiffs then cite to the 2010 deposition of Alex Garth, which discusses (1) the actions of the City; (2) Zia Shadow's inability to sell parcels of land; (3) the liens placed on the property; (4) the relinquishing of property by individual plaintiffs; and (5) Alex Garth's emotional distress. (*Id*. at 4 (citing to Doc. 83 Ex. 2).) They argue that Alex Garth's testimony on these matters contains the facts underlying his claims for damages, implying that additional testimony would be merely duplicative. (*Id.*) A review of the deposition transcript reveals that, indeed, Alex Garth did testify on the facts underlying all five of these claims. Additionally, Plaintiffs have provided an expert report regarding the calculation of the dollar amount of those damages, and the City has already noticed a deposition of the expert witness. (*Id*.)

Considering this information in light of the burden imposed on the party seeking the second deposition, the City failed to show that the second deposition would not be cumulative or duplicative. The City's response brief lacks an explanation as to why the prior testimony is insufficient, save to raise the rather ridiculous argument that the word "damages" was never spoken throughout the deposition. (Doc. 85 at 1.) I would not need to use the word "law" in an order, but it would be quite clear from the context and language of the order that I was considering and applying precisely that. Likewise, Alex Garth did not need to use the word "damages" in order to testify to the facts underlying his claims for such.

Conversely, Plaintiffs have demonstrated that the deposition did cover the relevant topics, indicating that a second deposition would indeed be cumulative or duplicative. However, the

inquiry under Rule 26 is not merely whether the deposition would be cumulative or duplicative, but if it would be "unreasonably cumulative or duplicative." *See* FED. R. CIV. P. 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery . . . if . . . (i) the discovery sought is unreasonably cumulative . . . ."). I do not believe that the facts in the transcript alone are so thorough and so complete to conclude that a second deposition would be unreasonably cumulative or duplicative.

However, the Rules not only consider the cumulative nature of a second deposition, but also whether, given the nature of the case and the parties, the benefit of a second deposition would be outweighed by a burden or expense to the opposing party. FED. R. CIV. P. 26 (b)(2)(C)(iii). Similarly, the Rule governing protective orders instructs the court to consider whether the discovery sought would result in undue burden or expense. FED. R. CIV. P. 26(c)(1). In addition to the fact that depositions are costly, Plaintiffs note that Alex Garth now resides in Michigan, where he cares for his ninety-three year old infirm father. (*See* Doc. 90 at 5; *see also* Doc. 83 Ex. 2 at 1 (stating father was ninety-one in July 2010).) Traveling from Michigan and leaving his father in the care of another would involve additional expense. This, on its face, does not outweigh the need for liberal discovery rules. When this is viewed in tandem with the fact that the 2010 deposition contains testimony regarding Plaintiffs' claims for damages, and that additional testimony would be cumulative or duplicative, I believe that the equities weigh against a second deposition.[3] Therefore, I grant Plaintiffs' motion for a protective order.

---

[3] Plaintiffs also argue that they have concerns about defense counsel's treatment of Alex Garth during a subsequent deposition because defense counsel was less than civil during the first deposition. (Doc. 83 at 2; Doc. 90 at 6-8.) While I agree that accusing a deponent of trying to "weasel" out of an answer is hardly professional (*see* Doc. 83 Ex. 2 at 23), this is not a basis for denying discovery. However, I have taken note of this behavior, and I remind defense counsel to be courteous and civil to all litigants and witnesses.

While I will not permit a second deposition of Alex Garth in New Mexico, I do not wish to bar the City from obtaining additional discovery through alternative methods. I note that the Rule governing protective orders permits the court to "[prescribe] a discovery method other than the one selected by the party seeking discovery." FED. R. CIV. P. 26(c)(1)(C). I will not propose an alternative means of discovery for the City, but I will alter the pretrial deadlines as follows in order to allow time for the City to consider alternative methods:

| | |
|---|---|
| Termination of Discovery | October 25, 2012 |
| Discovery Motions | November 1, 2012 |
| Dispositive Motions | November 8, 2012 |
| Pretrial Order (Plaintiffs to Defendant) | January 7, 2013 |
| Pretrial Order (Defendant to Court) | January 22, 2013 |

IT IS SO ORDERED.

/s/ William P. Lynch
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.        7